Saxe, J.P., and Acosta, J.,
dissent in a memorandum by Saxe, *432 J.P., as follows: I would affirm the dismissal of the complaint for failure to state a cause of action.
Plaintiff attempted to purchase two mortgage loans from defendant. However, the bid it submitted expressly stated that there would be no binding obligation until a written agreement was executed and delivered. Specifically, it reads as follows: “Proposed Purchaser hereby agrees that neither this bid/ proposal, nor any letters, communication, nor correspondence is intended to, nor shall it create, any binding obligation between Lender/Seller and Proposed Purchaser. Lender/Seller and Proposed Purchaser shall have no contractual or other obligations with respect to the proposed purchase of the Loans unless and until a Loan Sale Agreement prepared by Lender’s legal counsel has been executed and delivered by both parties.” This language could not be clearer, and its condition to the existence of a binding contract was not satisfied. Although plaintiff executed the agreement drafted by defendant and returned it, and deposited the required funds into defendant’s escrow account pursuant to the terms of the drafted agreement, defendant never executed the agreement.
More specifically, the interchange occurred as follows. Plaintiffs president emailed a message to one of defendant’s attorneys, saying, “Attached find a copy of the executed agreement. I am sending by Fedex to Elliot [defendant’s president] three original’s [sic] for his signature. The wire has been sent by Richard Cohlan [plaintiffs attorney].”
Later that same day, by email dated December 21, 2010, defendant’s president responded, “Terrific. Thanks! I will counter sign upon receipt. Here’s to a smooth and successful completion of this transaction.” The next day, by email defendant’s attorney acknowledged that the wired funds had been received. However, while the wired funds were held in escrow, defendant never countersigned the agreement. Two weeks later defendant sold the loans to another buyer.
As the motion court correctly observed, while plaintiffs execution of the draft agreement, the email from defendant indicating that the agreement would be countersigned upon receipt, and defendant’s retention of the deposit for a period of time might well be sufficient to satisfy the statute of frauds, they are not sufficient to satisfy the definitive condition created by the bid sheet.
“It is well settled that, if the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed” (Jordan *433 Panel Sys. Corp. v Turner Constr. Co., 45 AD3d 165, 166 [2007] [internal quotation marks omitted]). This clear, “well-settled” rule recited in the Jordan Panel case does not apply only to fact patterns exactly parallel to those presented in that case. It applies whenever the parties to an agreement defined the terms of their negotiations at the outset by establishing that nothing in their exchanges of documents or oral statements will be binding until a writing is signed by both parties. That rule is exactly on point here.
Defendant did not need to give “signals” that it intended not to be bound except by a written agreement signed by both sides; that proviso was the premise set by plaintiff at the start of the parties’ discussions. Because that condition was established at the very beginning of their discussions, defendant’s retention of the wired down payment funds for two weeks does not create an issue of fact as to an intent to enter into a binding agreement even in the absence of a fully executed writing.
The cases cited by the majority for the proposition that a question of fact is presented, despite the lack of a fully executed contract, do not involve a clearly-stated intent not to be bound “unless and until a Loan Sale Agreement prepared by Lender’s legal counsel has been executed and delivered by both parties.” In these circumstances, no enforceable contract was created, and plaintiffs claim was correctly dismissed.